IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| ELAINE ALBRECHT, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 22-cv-19 |
| | ) |
| WALMART INC. and SAM'S WEST, INC., | ) |
| | ) |
| Defendants. | ) |

**JOIN MOTION FOR**
**QUALIFIED PROTECTIVE ORDER PURSUANT TO HIPAA**

NOW COMES Plaintiff, ELAINE ALBRECHT, and Defendants, WALMART INC. and SAM'S WEST, INC., through their respective counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. Parts 160 and 164 (hereinafter referred to as "HIPAA"), request that this Court enter a Qualified Protective Order pertaining to the medical records of Plaintiff ELAINE ALBRECHT. In support of this motion, the Defendants state as follows:

Plaintiff has alleged in the underlying complaint that among other things, ELAINE ALBRECHT, has suffered a physical injury.

The treating physicians, hospitals and other healthcare providers disclosed or to be disclosed by the plaintiff in this case are all "entities" as defined by 45 C.F.R. 160.103. HIPAA potentially prohibits covered entities from disclosing protected health information in judicial proceedings other than by authorization or Qualified Protective Order. 45 C.F.R. Section 164.512(e).

The previously referenced covered entities are all in possession of "protected health information" as defined by 45 C.F.R. 160.103 and 160.501, in the form of medical records (imaging, test results, insurance documents, notes, orders, labs, correspondence, pathology reports, etc.) pertaining to Plaintiff ELAINE ALBRECHT.

Both the prosecution and the defense of this lawsuit will require that the parties, their attorneys, their attorneys' agents, consultants and various witnesses and other personnel receive and review copies of the protected health information pertaining to the Plaintiff, which are in the treating providers' possession.

WHEREFORE, Plaintiff, ELAINE ALBRECHT, and Defendants, WALMART INC., and SAM'S WEST, INC. respectfully request that this Court enter the proposed Order attached hereto permitting the use and disclosure of personal health information created or received by any covered entity that has provided healthcare to the Plaintiff ELAINE ALBRECHT for any purpose connected with the pending litigation.

Date: April 19, 2022

O'HAGAN MEYER LLC

By: /s/Victor J. Aberdeen
One of the Attorneys for Defendants

James P. Balog, Esq.
Victor J. Aberdeen, Esq.
O'Hagan Meyer, LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois 60601
Telephone: (312) 422-6173
jbalog@ohaganmeyer.com
vaberdeen@ohaganmeyer.com